**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

November 1, 2018

LETTER TO COUNSEL:

      RE:    *Lisa T. v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
              Civil No. TJS-18-0523

Dear Counsel:

      On February 21, 2018, Plaintiff Lisa T.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 12 & 13.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      In her application for DIB, Lisa T. alleged a disability onset date of June 27, 2014. (Tr. 169-75.) Her application was denied initially and on reconsideration. (Tr. 67-96, 100-08.) A hearing was held before an Administrative Law Judge ("ALJ") on January 10, 2017 (Tr. 34-66), and the ALJ found that Lisa T. was not disabled under the Social Security Act (Tr. 16-28). The Appeals Council denied Lisa T.'s request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

      The ALJ evaluated Lisa T.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Lisa T. was not

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On October 4, 2018, the case was reassigned to me.

engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since June 27, 2014. (Tr. 18.) At step two, the ALJ found that Lisa T. suffered from the following severe impairments: bilateral knee disorder, lumbar and cervical spine disorders, and bilateral carpal tunnel syndrome. (*Id.*) At step three, the ALJ found Lisa T.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 21-22.) The ALJ determined that Lisa T. retained the residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except she can lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; can sit for 6 hour[s] a day and stand and walk for 2 hours total a day, but with the assistance of a cane. She can bilaterally frequently handle, finger and feel. She can occasionally climb ramps and stairs; balance, stoop, kneel, crouch, and crawl but could never climb ladders, ropes, or scaffolds. She can only occasionally be exposed to unprotected heights, moving mechanical parts, wetness, extreme heat, extreme cold, and vibration.

(Tr. 23.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Lisa T. was unable to perform past relevant work as a telephone operator, general office clerk, or medical assistant. (Tr. 26.) The ALJ then determined that Lisa T. had acquired work skills from her past relevant work, including record keeping, operating office machinery, and customer service, which would transfer to other occupations within her RFC. (Tr. 27.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Lisa T. can perform, including secretary, collection clerk, and insurance clerk. (Tr. 27-28.) Therefore, the ALJ found that Lisa T. was not disabled under the Social Security Act. (*Id.*)

Lisa T. raises two arguments in this appeal. First, she argues that the ALJ improperly relied on the opinions of State agency physicians. (ECF No. 12-1 at 7-9.) Second, she argues that the ALJ should have found her depression to be a severe impairment. (*Id.* at 9-11.) I will discuss both of these arguments below.

Lisa T. first argues that the ALJ "erroneously relied on the opinions of [] State Agency physicians regarding impairment severity, when such opinions were not based on a review of the entire record in this case." (*Id.* at 7.) Specifically, she contends that the ALJ should not have afforded "great weight" to the opinions of a State agency consultative examiner and two State agency non-examining consultants because their opinions were rendered before Lisa T.'s condition "significantly worsened." (*Id.*) Lisa T. argues that because the ALJ's findings were based on the opinions of the State agency consultants who had not considered her entire medical record at the time the decision was rendered, the ALJ's decision is not supported by substantial evidence. (*Id.* at 8-9.)

Lisa T. is correct that the opinions of the State agency consulting physicians were rendered before she was diagnosed with bilateral carpal tunnel syndrome and before she had a

right total knee replacement. However, the ALJ accounted for each of these developments in his decision, and specifically stated that he was discounting the opinions of the State agency consultants because "evidence[] received subsequent to the consultants' review suggest[s] that the claimant would be more limited." (Tr. 26.)

The regulations do not direct an ALJ to disregard a medical opinion simply because it was based on something less than the complete medical record. "A medical opinion is no less valid simply because it does not consider developments that may have occurred subsequent to its drafting." *Birch v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-0078, 2013 WL 1927200, at *2 (D. Md. May 7, 2013). It is the ALJ's duty to take into account the entire record in determining a claimant's RFC. 20 C.F.R. § 404.1545(a). Here, the ALJ considered the entirety of the record in reaching the RFC determination, not just the opinions of the State agency consultants. The ALJ gave the opinions of the State agency consultants great weight, but also recognized that the opinions were not entitled to dispositive weight because Lisa T.'s condition had worsened in May 2015. In recognition of the deterioration of Lisa T.'s condition and the resulting functional limitations, the ALJ included additional restrictions in the RFC that were not part of the State agency consultants' opinions. For instance, the ALJ limited Lisa T. to sedentary work (which also accounted for Lisa T.'s push and pull restrictions) rather than light work, as opined by the State agency consultants. Because the ALJ considered the opinions of the State agency consultants as well as the medical evidence that was generated after their opinions were issued, Lisa T.'s argument is without merit. *See Davis v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-0813, 2013 WL 1124589, at *2 (D. Md. March 18, 2013) (noting that an ALJ's consideration of reports prepared before all other medical evidence was received was appropriate, as was the consideration of the subsequent medical evidence).

Lisa T.'s second argument is that the ALJ's finding that her depression is a non-severe impairment is not supported by substantial evidence. (ECF No. 12-1 at 9-12.) This argument fails because the ALJ properly considered Lisa T.'s mental impairments and determined that they had no more than a minimal effect on her ability to perform basic work activities. (Tr. 19.) Specifically, the ALJ discussed Lisa T.'s daily activities and social interactions, and found that she was only mildly limited in these areas. (Tr. 20.) The ALJ also gave great weight to the opinions of the State agency consultants, who opined that Lisa T.'s mental impairment was not severe. (Tr. 21.) This Court's role is not to reweigh the evidence and substitute its opinion for the ALJ. *See Craig*, 76 F.3d at 589 ("In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary."). The ALJ's finding that Lisa T.'s depression is not a severe impairment is based on substantial evidence.

For the reasons set forth herein, Lisa T.'s Motion for Summary Judgment (ECF No. 12) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 13) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of

this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____

Timothy J. Sullivan
United States Magistrate Judge